IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 2 1 2021
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| ANTHONY STEVEN AGUILAR, | § § | |
| Movant, | § § | |
| VS. | § § | NO. 4:21-CV-011-A (NO. 4:05-CR-195-A) |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § | |

ORDER

Came on for consideration the motion of movant, Anthony Steven Aguilar, for compassionate release. Movant says that he fears that underlying conditions place him at greater risk for developing a severe case of COVID-19. He says that he suffers from hypertension and hypertensive heart disease, osteoarthritis, and chronic constipation, and that he has undergone nasal surgery and two hernia operations. He also says that changes in the sentencing guidelines would have resulted in a lower guideline range if he were to be sentenced today.[1] The court, having considered the motion, the probation officer's worksheet, the government's response, the record in the underlying criminal case, and applicable authorities, finds that the motion should be denied.

---

[1] For that reason, the court had the probation officer prepare a worksheet to assist the court in determining whether relief should be granted on that basis. The probation officer determined that movant is not eligible for a sentence reduction based on amended guidelines.

A court may, on motion of the Director of the Bureau of Prisons or of the defendant after exhausting his administrative remedies, reduce or modify a term of imprisonment after considering the factors of 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). In commentary, the Sentencing Guidelines describe "extraordinary and compelling reasons" to include medical conditions such as terminal illness, serious deterioration in mental or physical health because of aging, and family circumstances such as incapacitation of the caregiver of defendant's minor children. USSG § 1B1.13 (policy statement). The Fifth Circuit has described these as "compassionate release claims." United States v. Chambliss, No. 19-50741, 2020 WL 428933 (5th Cir. Jan. 28, 2020). Although the commentary also says that there can be "in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C) [medical and family reasons]," the court is not inclined to believe that such "other reasons" include the circumstances described by movant here. He simply wants relief from his lengthy sentence.

If the court is mistaken and movant has spelled out extraordinary and compelling reasons for his early release, the court still would not reduce his sentence. Movant is only 47

2

years of age and is serving a 360 month sentence. Movant's criminal history includes convictions for impersonating a public servant and assault causing bodily injury. Movant has not shown, and the court cannot find, that movant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). USSG 1B1.13 (policy statement). Further, weighing the factors of 18 U.S.C. § 3553(a), the court is not inclined to grant relief.

Immediate release of movant as he requests would not be in the interest of justice. Rather, it would minimize the seriousness of his crimes and conduct and encourage every other prisoner who could not obtain relief under 28 U.S.C. § 2255 to seek compassionate relief for extraordinary and compelling circumstances. See United States v. Cantu, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019)(discussing appropriateness of relief where the determination is narrow and unlikely to have far-reaching implications)United States v. Nevers, No. 16-88, 2019 WL 7281929, at *5-6 (E.D. La. Dec. 27, 2019)(same).

The court ORDERS that movant's motion for compassionate release be, and is hereby, denied.

SIGNED January 21, 2021.

JOHN McBRYDE
United States District Judge