IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANTHONY STEVEN AGUILAR,<br><br>    Movant,<br><br>VS.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | §§§§§§§§§ NO. 4:21-CV-011-A<br>(NO. 4:05-CR-195-A) |

ORDER

Pursuant to the mandate of the United States Court of Appeals for the Fifth Circuit, this action has been remanded for further proceedings so that the court can reconsider the motion of Anthony Steven Aguilar, movant, for compassionate release in light of United States v. Shkambi, 993 F.3d 388 (5th Cir. 2021). The court, having considered the motion, the record, including the record in the underlying criminal case, No. 4:05-CR-195-A, and applicable authorities, finds that the motion should be denied.

In Shkambi, which was decided after the court denied movant's motion in this case, the Fifth Circuit determined that neither the sentencing guidelines' policy statement nor the commentary is binding on the court when addressing a motion under § 3582. 993 F.3d at 393. Instead, the court is bound only by 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3553(a).

1

Nevertheless, the court may use the policy statement as a tool in its review of the motion. In sum, to prevail on a motion for compassionate release, the movant must still (1) show extraordinary reasons, (2) show that compassionate release is consistent with applicable policy statements, and (3) convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors. United States v. Cooper, 996 F.3d 283, 287 (5th Cir. 2021)(citing Shkambi, 993 F.3d at 392).

The court previously found that movant had not demonstrated any extraordinary and compelling reason why he should receive a reduction of sentence and the Fifth Circuit has not disturbed that finding. Movant does not appear to have a medical condition that would qualify as extraordinary or compelling. Nor does he appear to meet any other criteria of the policy statement. (As noted in the court's earlier opinion, movant is not eligible for a reduction in sentence based on amended guidelines.)

As the court noted in its prior opinion, movant was only 47 years of age at the time he filed his motion and is serving a 360 month sentence. Movant's criminal history includes convictions for impersonating a public servant and assault causing bodily injury. The court cannot find that movant is not a danger to the safety of any other person or to the community.

Further, weighing the factors of 18 U.S.C. § 3553(a), the court is not inclined to grant relief.

Immediate release of movant would not be in the interest of justice. Rather, it would minimize the seriousness of his crimes and conduct and encourage every other prisoner who could not obtain relief under 28 U.S.C. § 2255 to seek compassionate relief for extraordinary and compelling circumstances. See United States v. Cantu, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019)(discussing appropriateness of relief where the determination is narrow and unlikely to have far-reaching implications); United States v. Nevers, No. 16-88, 2019 WL 7281929, at *5-6 (E.D. La. Dec. 27, 2019)(same). In sum, a reduction of movant's sentence would not reflect the seriousness of his conduct, promote respect for the law, provide just punishment, or afford adequate deterrence to criminal conduct.

The court ORDERS that movant's motion for compassionate release be, and is hereby, denied.

SIGNED May 31, 2022.

_____
JOHN McBRYDE
Senior United States District Judge

3